UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

**JASON GOINES,**

    **Plaintiff,**

v.                             **Civil Action No. 1:15-CV-157-IMK**
                                    **Judge Keeley**

**PRESTON COUNTRY CLUB, INC.
and ARTHUR GEORGE,**

    **Defendants.**

### DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Preston Country Club, Inc. and Arthur George, by counsel, E. Taylor George, Sara Brown, and the law firm of MacCorkle Lavender PLLC, and for their Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against Defendants.

### SECOND DEFENSE

Defendants hereby reserve unto themselves the right to assert motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b), including, but not limited to, the following:

    (1)    Insufficiency of process;

    (2)    Insufficiency of service of process;

    (3)    Lack of subject matter jurisdiction; and

(4)     Lack of personal jurisdiction.

### THIRD DEFENSE

With regard to the specific allegations of the Complaint, Defendants state as follows:

1.      Defendants are without sufficient information, knowledge or belief to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      As to the allegation that Mr. George is a board member, it is admitted. The remainder is denied.

4.      Defendants assert that the allegations of paragraph 4 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond. Defendants admit that the Complaint alleges a federal cause of action. To the extent that any other response is required to this paragraph, it is denied.

5.      Defendants assert that the allegations of paragraph 6 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

6.      Defendants assert that the allegations of paragraph 6 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

7.     Defendants assert that the allegations of paragraph 7 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

8.     Defendants are without sufficient information, knowledge or belief to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.    Defendants are without sufficient information, knowledge or belief to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.    Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.    Defendants are without sufficient information, knowledge or belief to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants assert that the allegations of paragraph 24 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants assert that the allegations of paragraph 26 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

27. These defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants assert that the allegations of paragraph 28 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

29. Defendants assert that the allegations of paragraph 29 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants assert that the allegations of paragraph 31 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

32. Defendants assert that the allegations of paragraph 32 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants assert that the allegations of paragraph 34 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants assert that the allegations of paragraph 37 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants assert that the allegations of paragraph 39 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants assert that the allegations of paragraph 43 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

44. Defendants assert that the allegations of paragraph 44 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants assert that the allegations of paragraph 46 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

47. Defendants assert that the allegations of paragraph 47 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

48. Defendants assert that the allegations of paragraph 48 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

49. Defendants assert that the allegations of paragraph 49 of Plaintiff's Complaint state a legal conclusion to which they are not required to respond and, therefore, deny the same.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the Plaintiff is entitled to any relief contained in the paragraph following paragraph number 50.

## AFFIRMATIVE DEFENSES

### FOURTH DEFENSE

For a separate and distinct defense, Defendants say that the matters about which the Plaintiff complains were proximately caused or contributed to by supervening or intervening causes other than an act or omission on the part of the Defendants.

## FIFTH DEFENSE

Defendants reserves unto themselves any and all defenses disclosed by discovery herein.

## SIXTH DEFENSE

Defendants say that if the Plaintiff sustained any injuries or damages about which they complain, all of which are specifically denied, said injuries and damages were proximately caused or substantially contributed to by reason of negligence on the part of the Plaintiff, or by reason of negligence by other persons, firms, or corporations, not by reason of negligence on the part of the Defendants.

## SEVENTH DEFENSE

Defendants deny each and every allegation raised in the Plaintiff's Complaint not specifically and expressly admitted herein.

## EIGHTH DEFENSE

Defendants further asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, unclean hands, and waiver.

### NINTH DEFENSE

Defendants invoke all affirmative defenses applicable herein, including, but not limited to, contributory or comparative negligence, statute of limitations, or any and all affirmative defenses, which may be disclosed from discovery or evidence herein, as set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

### TENTH DEFENSE

Plaintiff cannot establish a causal connection between the alleged acts or omissions of the Defendants and the injuries or damages allegedly suffered by the Plaintiff.

### ELEVENTH DEFENSE

Defendants assert the Plaintiff failed to mitigate his damages, if any.

### TWELFTH DEFENSE

Defendants deny they are liable, obligated, or indebted unto the Plaintiff, for any sum or sums, as prayed for in Plaintiff's Complaint, or otherwise, upon any basis in law or in fact.

WHEREFORE, Defendants pray that Plaintiff's Complaint filed herein against them be dismissed, with prejudice; that the relief prayed for therein be denied; and that it recover of and from the Plaintiff their reasonable costs, including necessary attorney fees expended on their behalf in the defense of this action.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

**PRESTON COUNTY CLUB and ARTHUR GEORGE**
By Counsel

_____
E. Taylor George (WV State Bar #8892)
Sara E Brown (WV State Bar #11999)
MacCorkle Lavender PLLC
300 Summers Street, Suite 800
Post Office Box 3283
Charleston, WV 25332.3283
(304) 344-5600
(304) 344-8141 (Fax)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

**JASON GOINES,**

    Plaintiff,

v.                                Civil Action No. 1:15-CV-157-IMK
                                   Judge Keeley

**PRESTON COUNTRY CLUB, INC.,
and ARTHUR GEORGE,**

    Defendants.

## CERTIFICATE OF SERVICE

    I, E. Taylor George, counsel for Defendants, do hereby certify that on September 9, 2015, I served a true and correct copy of the foregoing **DEFENDANTS, PRESTON COUNTRY CLUB, INC. AND ARTHUR GEORGE'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all counsel/parties of record, by transmitting the same via the Court's ECF system, addressed as follows:

                David M. Grunau, Esquire
                244 Pleasant Street
                Morgantown, West Virginia  26505
                *Attorney for Plaintiff*

                _____
                E. Taylor George (WV State Bar #8892)
                Sara E Brown (WV State Bar #11999)
                MacCorkle Lavender PLLC
                300 Summers Street, Suite 800
                Post Office Box 3283
                Charleston, WV 25332.3283
                (304) 344-5600
                (304) 344-8141 (Fax)